UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOUGLAS R. McCARROLL,              :
          Petitioner,             :
                                  :   Crim. No. 3:94cr240 (AHN)
v.                                :   Civ. No. 3:00cv198 (AHN)
                                  :
                                  :
UNITED STATES OF AMERICA,          :
          Respondent.             :

RULING ON MOTIONS PURSUANT TO FED. R. CIV P. 59(e) and 60(b)

        Pending before the court are two pro se motions by

petitioner Douglas R. McCarroll ("McCarroll"):  McCarroll's

Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) and

60(b)(5) [doc # 496] and a motion for the court to rule on his

Motion for Clarification pursuant to Fed. R. Civ. P. 59(e) [doc #

483].  For the reasons discussed below, both motions are DENIED.

I.   PROCEDURAL HISTORY

        On November 12, 2004, this court denied McCarroll's petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 [doc #

482].[1]  Since then he has filed seven motions challenging the

court's ruling, including two prior motions under Rule 60(b).[2]

_____

        [1]The details of McCarroll's conviction are discussed in the
court's ruling on his petition for a writ of habeus corpus [doc #
482] and are not repeated in subsequent rulings.

        [2]The court previously denied the first and second motions
for reconsideration under Fed. R. Civ. P. Rule 60(b) [see doc ##
492, 494].

## II.  DISCUSSION

A.   Rule 60(b)(5) Motion

McCarroll now seeks relief under Rule 60(b)(5),[3] which applies when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." See Fed. R. Civ. P. 60(b)(5).  Specifically, McCarroll argues that he was sentenced illegally and therefore that the judgement has been satisfied pursuant to Rule 60(b)(5).

While McCarroll correctly notes that a change in decisional law may be cognizable under Rule 60(b)(5), see Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 n.4 (2d Cir. 1986), nonetheless, the Second Circuit has limited how Rule 60(b) motions may be used in the context of habeas petitions.  In Harris v. United States, 367 F.3d 74 (2d Cir. 2004), the court emphasized that "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction."  Id. at 77.  In other

---

[3]In McCarroll's prior Rule 60(b) motions, he did not specify the subsection of the rule he sought to invoke.  The court construed those motions under Rule 60(b)(6), the rule's catchall provision authorizing the court to relieve a party from final judgment for "any other reason justifying relief from the operation of the judgment."  See Fed. R. Civ. P. 60(b)(6).

words, a Rule 60(b) motion may challenge the correctness of the denial of the initial collateral attack, but it may not circumvent the successive petition rules enacted by Congress through the Anti-terrorism and Effective Death Penalty Act simply by raising new issues as grounds for reconsideration of the initial denial of the § 2255 petition.  See Gitten v. United States, 311 F.3d 529, 533-34 (2d Cir. 2004).  Thus, the Second Circuit has stated that in considering a Rule 60(b) motion that attacks the denial of a § 2255 petition, the district court always has the option of "simply denying, as beyond the scope of Rule 60(b), the balance of the motion, i.e., the portion believed to present new attacks on the conviction."  Id. at 534.

This court chooses to invoke that option here, for McCarroll's present motion for reconsideration does not attack the integrity of the court's November 12, 2004 denial of his initial § 2255 petition, but presents a new attack to his conviction.  McCarroll relies in this motion on Shepard v. United States, 544 U.S. 13 (2005), which was decided after the denial of his § 2255 petition.  As the court noted in its previous denial of McCarroll's Rule 60(b) motion, a mere change in decisional law is not per se grounds for relief under Rule 60(b).  As the court also previously noted, McCarroll could only raise his claim in a new petition for habeas corpus, and only if the Second Circuit Court of Appeals authorized him to do so.  See 28 U.S.C. §

2244(b)(3).  Thus, for the same reasons the court denied his

prior Rule 60(b) motions, the court denies this Rule 60(b)(5)

motion [doc # 496].

B.    Rule 59(e) Motion

     McCarroll requests a ruling on his previously filed Rule

59(e) motion [doc # 483].  By electronic order on January 26,

2005, this court previously denied McCarroll's motion for

clarification.[4]  (See doc # 484).  Accordingly, McCarroll's

motion [doc # 495] is denied as moot.

III. CONCLUSION

      Petitioner's Pro Se Motions for Reconsideration and

Clarification [docs. ## 495, 496] are DENIED.  The Clerk is

directed to close the case.

---

     [4]The standard for granting a motion for reconsideration
under Fed. R. Civ. P. 59(e) is "strict."  Shrader v. CSX Transp.,
Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration will
"generally be denied unless the moving party can point to ...
matters ... that might reasonably be expected to alter the
conclusion reached by the court." Id.  "Rule 59(e) recognizes
only three possible grounds for any motion for reconsideration:
(1) an intervening change in the law; (2) the availability of new
evidence not previously available; and (3) the need to correct a
clear error of law or prevent manifest injustice." Gold v. Dalkon
Shield Claimants Trust, No. 5:82-CV-383, 1998 WL 422900, at *2
(D. Conn. July 16, 1998); See Doe v. New York City Dep't of
Social Services, 709 F.2d 782, 789 (2d. Cir. 1983).  Rulings
under Rule 59(e) are "committed to the sound discretion of the
district judge and will not be overturned on appeal absent an
abuse of discretion."  McCarthy v. Manson, 714 F.2d 234, 237 (2d
Cir. 1983).

So ordered this 1st day of June, 2006, at Bridgeport,

Connecticut.

```
_____/s/_____
Alan H. Nevas
United States District Judge
```